
| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| EASTERN **District of** NEW YORK | |

| Name of Debtor(if individual, enter Last, First, Middle): <br> Ridley, Grace E. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the debtor in the last 8 years (include maiden and trade names):   N  O  N  E | All Other Names used by the joint debtor in the last 8 years (include maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):  6108 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City and State): <br> 142-34 119 Road <br> Jamaica  NY    ZIP CODE 11436 | Street Address of Joint Debtor (No. & Street, City and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: <br> Queens | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**Type of Debtor (Form of Organization)**
(Check one box)
- ☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (*the Internal Revenue Code).*

**Nature of Business**
(Check all applicable boxes)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 13
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts (check one box)**
- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee Waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).
**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders of affiliates) are less than $2,190,000.

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds for distribution to unsecured creditors

THIS SPACE FOR COURT USE ONLY

Estimated number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |


| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Ridley, Grace E. |

| **All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed: N O N E | Case Number | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: N O N E | Case Number: | Date Filed: |
| District | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 134 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made part of this petition. | S/ HERSH JAKUBOWITZ _____ 12/04/2009 Signature of Attorney for Debtor(s). Date: |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a seperate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made part of this petition.

**Information Regarding the Debtor-Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:


Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. & 362(1)).



| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> Ridley, Grace E. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter title 11, United States Code, specified in this petition.

X __S/ GRACE E. RIDLEY_____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   Telephone Number (If not represented by attorney)
_____ __12/04/2009___
                           Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correc, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached.

☐   Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   (Printed Name of Foreign Representative)

__12/04/2009___
Date

### Signature of Attorney

X __S/ HERSH JAKUBOWITZ_____
   Signature of Attorney for Debtor(s)
   Printed Name of Attorney for Debtor(s)
Hersh Jakubowitz
   Firm Name
LAW OFFICE OF HERSH JAKUBOWITZ, PL
   Address
42-34 162 Street
Flushing NY      11358
   Telephone Number
(718) 445-1436
   Date 12/04/2009
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor(Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   Printed Name of Authorized Individual

   Title of Authorized Individual

   Date __12/04/2009___

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this coument and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. §110.)
Address

X _____
Date 12/04/2009
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*



# UNITED STATES BANKRUPTCY COURT

EASTERN **District of** NEW YORK

In re  Ridley, Grace E.                                         Case No.

          Debtor(s)                                                                  (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

Ridley, Grace E.

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*



☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person. by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: <u>S/ GRACE E. RIDLEY</u>

Ridley, Grace E.

Date: <u>12/04/2009</u>

 Form B6 SUM  (12/07)     **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY  COURT  EASTERN          DISTRICT OF  NEW YORK

In re: Ridley, Grace E.                           Debtor(s)   Case No.
                                                  Chapter

# SUMMARY OF SCHEDULES

    Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and  J in  the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data"  if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | x | 1 | 435000.00 | | |
| B - Personal Property | x | 5 | 17320.00 | | |
| C - Property Claimed as Exempt | x | 1 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 705912.00 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 1 | | 6,622.57 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I -  Current Income of Individual Debtor(s) | x | 1 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 0.00 |
| Total Number of Sheets of All Schedules | | 14 | | | |
| Total Assets | | | 452320.00 | | |
| Total Liabilities | | | | 712534.57 | |



# United States Bankruptcy Court
### District Of NEW YORK

In re: Ridley, Grace E.      EASTERN

Debtor(s)    Case No.

Chapter   13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I Line 16) | $ 0.00 |
| Average Expences (from Schedule J, Line 18) | $ 0.00 |
| Current Monthly Income (from Form 22A Line 12; **OR** Form 22B Line 11; **OR,** Form 22C Line 20) | $ 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, IF ANY" column | | $ 90,000.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 6,622.57 |
| 5. Total from non-priority unsecured debt (sum of 1, 3, and 4) | | $ 96,622.57 |

**The foregoing information is for statistical purposes only under 28 U.S.C § 159.**

In re: Ridley, Grace E.                                    Debtor(s) Case No.                (if known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 7629 BELMONDO LANE LAS VEGAS  NV    89128 | IN FEE | | 210,000.00 | 449,000.00 |
| 52 OAKLAND STREET HEMPSTEAD  NY  11551 | IN FEE | | 225,000.00 | 240,912.00 |
| | | Total -> | $435,000.00 | (Report also on Summary of Schedules) |

In re: Ridley, Grace E.                    Debtor(s)    Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | | CASH ON HAND | | 20.00 |
| 02 Checking savings or other financial accounts certificates of deposit or shares in banks savings and loan thrift building and loan and homestead associations or credit unions brokerage houses or cooperatives. | | CITIBANK | | 1,000.00 |
| 03 Security Deposits with public utilities telephone companies landlords and others. | x | | | |
| 04 Household goods and furnishings including audio video and computer equipment. | | FURNITURE & FIXTURES | | 1,000.00 |
| 05 Books; pictures and other art objects; antiques; stamp coin record tape compact disc and other collections or collectibles. | x | | | |
| 06 Wearing apparel. | | CLOTHING | | 150.00 |
| 07 Furs and jewelry. | | JEWELRY | | 150.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    2,320.00

_____ Continuation sheets attached

In re:  Ridley, Grace E.                              Debtor(s)    Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 08 Firearms and sports photographic and other hobby equipment. | x | | | |
| 09 Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10 Annuities. Itemize and name each issuer. | x | | | |
| 11 Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars.(file separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | DEFINED BENEFIT PLAN | | 0.00 |
| 12 Interests in IRA ERISA Keogh or other pension or profit sharing plans. Give particulars. | x | | | |
| 13 Stock and interest in incorporated and unincorporated businesses. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   2,320.00

_____ Continuation sheets attached

In re:  Ridley, Grace E.                                    Debtor(s)     Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14 Interest in partnerships or joint ventures. Itemize. | x | | | |
| 15 Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16 Accounts receivable. | x | | | |
| 17 Alimony maintenance support and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 18 Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 19 Equitable or future interests life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | x | | | |
| 20 Contingent and non-contingent interests in estate of a decedent death benefit plan life insurance policy or trust. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->

_____ Continuation sheets attached

2,320.00

In re:  Ridley, Grace E.                          Debtor(s)    Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21 Other contingent and unliquidated claims of every nature including tax refunds counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | x | | | |
| 22 Patents copyrights and other general intellectual property. Give particulars. | x | | | |
| 23 Licenses franchises and other general intangible. Give particulars. | x | | | |
| 24 Customer lists or compilations containing personally identifiable information (as defined in 11U.S.C. §101(41A)) provided by individuals connected with obtaining product or service from the debtor primarily for personal family or household purposes. | x | | | |
| 25 Automobiles trucks trailers and other vehicles and accessories. | | 2004 GMC ENVOY > 68K MILES | | 15,000.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   | 17,320.00

_____ Continuation sheets attached

In re:  Ridley, Grace E.                                    Debtor(s)    Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26 Boats motors and accessories. | x | | | |
| 27 Aircraft and accessories. | x | | | |
| 28 Office equipment furnishings and supplies. | x | | | |
| 29 Machinery fixtures equipment and supplies used in business. | x | | | |
| 30 Inventory. | x | | | |
| 31 Animals. | x | | | |
| 32 Crops-growing or harvested. Give particulars. | x | | | |
| 33 Farming equipment and implements. | x | | | |
| 34 Farm supplies chemicals and feed. | x | | | |
| 35 Other personal property of any kind not already listed. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->

_____ Continuation sheets attached

17,320.00

In re: Ridley, Grace E.                                    Debtor(s)   Case No.                          (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor claims the exemptions to which debtor is entitled under:**

☐ Check if debtor claims a homestead exemption that exceeds $136,875

☐ 11 U.S.C. § 522(b)(2)

☒ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| CASH ON HAND | D & C 283 | 20.00 | 20.00 |
| CITIBANK | D & C 283 | 1,000.00 | 1,000.00 |
| FURNITURE & FIXTURES | CPLR 5205 (a) (1) | 1,000.00 | 1,000.00 |
| CLOTHING | CPLR 5205 (a) (1) | 150.00 | 150.00 |
| JEWELRY | CPLR 5205 (a) (1) | 150.00 | 150.00 |
| DEFINED BENEFIT PLAN | D & C 282 | 0.00 | 0.00 |
| 2004 GMC ENVOY > 68K MILES | D & C 282 | 2,400.00 | 15,000.00 |

In re: Ridley, Grace E.                                    Debtor(s)  Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO D E B T | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C #  864511018-02 | | | VALUE $  15,000.00 | 16,000.00 | | |
| AMERICAN AIRLINES CREDIT U PO BOX 619001 - MD2100 DALLAS/ FT-WORTH  TX  7526 | | | AUTO LOAN ON 2004 GMC ENVOY | | | |
| A/C #  10003750686032781 | | | VALUE $  225,000.00 | 75,979.00 | | |
| BANK OF NY - MELLON 5730 KATELLA AVENUE CYPRESS  CA  90630 | | | SECOND MORTGAGE ON PROPERTY - 52 OAKLAND STREET | | | |
| A/C #  0655263839 | | | VALUE $  225,000.00 | 164,933.00 | | |
| DITECH HOME FINANCING C/O HOME FINANCING BY GMAC PO BOX 9001719 LOUISVILLE  KY  40290 | | | FIRST MORTGAGE ON PROPERTY AT 52 OAKLAND STREET HEMPSTEAD NY | | | |
| A/C #  100384759 | | | VALUE $  210,000.00 | 359,000.00 | | |
| LITTON LOAN SERVICING 4828 LOOP CENTRAL DRIVE HOUSTON TX  77081 | | | FIRST MORTGAGE ON PROPERTY 7629 BELLMONDO LANE | | | |
| A/C #  0100385897 | | | VALUE $ | 90,000.00 | 90,000.00 | |
| MOUNTAIN PEAKS FINANCIAL S 6560 GREENWOOD PLAZA BLVD ENGLEWOOD  CO  80111 | | | 2ND MORTGAGE CARRIER 7629 BELOMONDO LANE | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |

| | | |
|---|---|---|
| Subtotal -> (Total of this page) | 705,912.00 | 90,000.00 |
| Total -> | 705,912.00 | 90,000.00 |
| | (Report total also on Summary of Schedules) | (If applicable, Report also on Statistical Summary of Certain Liabilities and Related Data.) |

_____  Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

In re: Ridley, Grace E.　　　　　　　　　Debtor(s)　Case No.　　　　　　　(if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $10,950 per employee, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4)

[ ] **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $5400 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

[ ] **Deposits by individuals**
Claims of individuals up to a maximum of $2425 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

[ ] **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(8)

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for deathe or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intocicated from using alcohol, a drug, or another substance 11 U.S.C.  § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NO. (See Instructions) | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY / AMT NOT ENTITLED TO PRIORITY, IF ANY | C U D * |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Total -> | Total -> | |
| | | | | | | |
| Continuation Sheets attached. | | | Subtotal -> (Total of this page) | | | |
| (Use only on last page of the completed Schedule E. (Report total also on Summary of Schedules.) | | | Total -> | | | |
| (Use only on last page of the completed Schedule E.) If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | Total -> | | | |

**In re:** Ridley, Grace E.                                    **Debtor(s)**     **Case No.**              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| #864511018 <br> AMERICAN AIRLINES MASTERC <br> PO BOX 619001 - MD 2100 <br> DALLAS- FT WORTH TX 752 | | | CONSUMER PURCHASES AND CASH ADVANCES LAST USED IN MARCH 2009 | | 250.00 |
| XXXX161005 <br> AMERICAN EXPRESS - BLUE <br> PO BOX 981540 <br> EL PASO TX 79998 | | | CONSUMER PURCHASES AND CASH ADVANCES LAST USED IN OCTOBER 2009 | | 962.57 |
| 5410654098336412 <br> CITI CARDS <br> PO BOX 182564 <br> COLUMBUS OH 43218-2564 | | | CONSUMER PURCHASES AND CASH ADVANCES LAST USED IN SEPTEMBER 2009 | | 5,410.00 |
| | | | | | |
| | | | | | |
| | | | | | |

_____ continuation sheets attached.

|  | | Subtotal | $ | 6,622.57 |
|---|---|---|---|---|
| | | Total | $ | 6,622.57 |

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

**Form B6 G (12/07)**      **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Ridley, Grace E.                  Debtor(s)    Case No.             (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

Form B6 H  (12/07)    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   Ridley, Grace E.                    Debtor(s)   Case No.                    (if known)

# SCHEDULE H - CODEBTORS

[X] Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |



**Blumberg**Excelsior, Inc., Publisher, NYC 10013

3085W Stmt of Comp.:
Rule 2016(b) (12-95)

# UNITED STATES BANKRUPTCY COURT   EASTERN **DISTRICT OF** NEW YORK

In
re: Ridley, Grace E.            Debtor(s)  Case No.          (if known)

## STATEMENT
#### Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:
    (a)  for legal services rendered or to be rendered in contemplation of and in connection
        with this case                                               $        3000.00
    (b)  prior to filing this statement, debtor(s) have paid               $        3000.00
    (c)  the unpaid balance due and payable is                         $          0.00

(3)  $ 274.00                      of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:
    (a)  analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
        petition under title 11 of the United States Code.
    (b)  preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
    (c)  representation of the debtor(s) at the meeting of creditors.

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
    performed, and

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
    earnings, wages and compensation for services performed, and

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
    any compensation paid or to be paid except as follows:

Dated:                  Respectfully submitted,                 Attorney for Petitioner
                           S/ HERSH JAKUBOWITZ              Hersh Jakubowitz

Attorney's name and address
LAW OFC OF HERSH JAKUBOWITZ 42-34 162 St FLUSHING NY 11358

3092 - Verification of Creditor Matrix. 12/95 **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

### EASTERN **DISTRICT OF** NEW YORK

**In re:** Ridley, Grace E.

Case No.

Debtor(s)

Chapter 13

# VERIFICATION OF CREDITOR MATRIX

The above-named debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Dated: 12/04/09

Debtor S/ GRACE E. RIDLEY
Ridley, Grace E.

Debtor



In re:  Ridley, Grace E.
                                                      Debtor(s)  Case No.           (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   13   sheets, and
that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 2.)

Date 12/04/09                  Signature _S/ GRACE E. RIDLEY_____
                                        Ridley, Grace E.        Debtor

Date_____           Signature_____
                                                     (Joint Debtor, if any)

<em>(If joint case, both spouses must sign.)</em>

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this
document for compensation and have provided the debtor with a copy of this document and the notices and information required
under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.
§110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the
maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that
section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer      Social Security No. (Required by
                                                               11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the*
*officer, principal, responsible person, or partner who signs this document.*

Address:

X_____     _____
  Signature of Bankruptcy Petition Preparer                   Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the
bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in**
**fines or imprisonment or both.  11 U.S.C. §110; 18 U.S.C. §156.**

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the                             [the president or other officer or an authorized agent of the corporation
or a member or an authorized agent of the partnership] of the                 [corporation or partnership]
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
13                   sheets, and that they are true and correct to the best of my knowledge, information, and belief.
**(Total shown on summary page plus 1.)**

Date _____           Signature _____
                                             (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. §§ 152 and 3571.

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Property Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I  -  Current Income of Individual Debtor(s)
Schedule J -  Current Expenditures of Individual Debtor(s)

Unsworn Declaration Under Penalty of Purjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of
any amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be
identified with the debtor's name and case number.  If the schedules are filed with the petition,
the case number should be left blank.

Schedules D, E, and F have been designated for the listing of each claim only once.  Even
when a claim is secured only in part or entitled to priority only in part, it still should be listed
only once.
A claim which is secured in whole or in part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not
list the same claim twice.  If a creditor has more than one claim, such as claims arising from
seperate transactions, each claim should be scheduled seperately.

Review the specific instructions for each schedule before completing the schedule.

```
AMERICAN AIRLINES CREDIT UNI
PO BOX 619001 - MD2100
DALLAS/ FT-WORTH  TX  75261


AMERICAN AIRLINES MASTERCARD
PO BOX 619001 - MD 2100
DALLAS- FT WORTH  TX  75261


AMERICAN EXPRESS - BLUE
PO BOX 981540
EL PASO  TX   79998


BANK OF NY - MELLON
5730 KATELLA AVENUE
CYPRESS  CA   90630


CITI CARDS
PO BOX 182564
COLUMBUS  OH  43218-2564


DITECH HOME FINANCING
C/O HOME FINANCING BY GMAC
PO BOX 9001719
LOUISVILLE   KY   40290


LITTON LOAN SERVICING
4828 LOOP CENTRAL DRIVE
HOUSTON  TX   77081


MOUNTAIN PEAKS FINANCIAL SVC
6560 GREENWOOD PLAZA BLVD
ENGLEWOOD  CO  80111
```